# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

OSCAR DELVAL-INZUNZA,

    Defendant.

Case No. 2:14-cr-0078-LDG

**ORDER**

The defendant, Oscar Delval-Inzunza, moves pursuant to 28 U.S.C. §2255 to vacate, set aside, or correct his sentence (ECF No. 41). Delval-Inzunza asserts four grounds for relief: that his counsel was ineffective (1) because he waived his right to appeal; (2) because he did not receive a reduction for being a "minor participant;" (3) because he was not prosecuted pursuant to a "Fast Track Program;" and (4) because his base offense level was 28, rather than 26.[1] The government opposes the motion (ECF No. 44), to which Delval-Inzunza has replied (ECF No. 45). Having read and considered the motion and papers, and the record, including the defendant's plea agreement and the

---

[1] As written, Delval-Inzunza's motion could be construed as alleging a pair of non-constitutional sentencing errors, in addition to a pair of claims of ineffective assistance of counsel. However, non-constitutional sentencing errors may not be reviewed under § 2255. *United States v. Schlesinger*, 49 F.3d 483, 484-86 (9th Cir. 1994) (concluding "that non-constitutional sentencing errors that have not been raised on direct appeal have been waived and generally may not be reviewed by way of 28 U.S.C. § 2255"). The Court, however, has liberally construed the motion as if each non-constitutional sentencing error were alleged in the context of an ineffective assistance of counsel claim.

hearings at which the defendant pled guilty and at which the Court sentenced him, the Court finds that they conclusively show that Nunes is not entitled to any relief.

A criminal defendant is entitled to reasonably effective assistance of counsel. *McMann v. Richardson*, 377 U.S. 759, 771, n. 14 (1970). The right to effective assistance of counsel is the right of the accused to require the prosecution's case to survive the crucible of meaningful adversarial testing. *Strickland v. Washington*, 466 U.S. 668, 685 (1984). When a true adversarial criminal trial has been conducted, even if defense counsel has made demonstrable errors, the requirements of the sixth amendment have been met. *United States v. Cronic*, 466 U.S. 648, 656 (1984). Counsel is presumed competent. As such, the burden rests on the defendant to establish a constitutional violation. *Id.* at 658.

To obtain reversal of a conviction for ineffective assistance of counsel, the petitioner must prove (1) that counsel's performance was so deficient that it fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defense to such a degree as to deprive the defendant of a fair trial. *Strickland*, 466 U.S. at 687-88, 692 (1984). To establish deficient performance under *Strickland*, it must be shown "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Exercising highly deferential judicial scrutiny, *id.* at 699, this court inquires "whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688. "Such assessment must be made 'from counsel's perspective at the time,' so as 'to eliminate the distorting effects of hindsight.'" *Silva v. Woodford*, 279 F.3d 825, 836 (9th Cir. 2002) (citing *Strickland*, 466 U.S. at 689).

Prejudice can be presumed only "where there has been an actual breakdown in the adversarial process at trial." *Toomey v. Bunnell*, 898 F.2d 741, 744 n. 2 (9th Cir. 1990); *See also Cronic, supra*. Demonstrating prejudice imposes a "substantial burden" that demands far more than listing all of the things the petitioner thinks his attorney "should

have done" and speculating that, had he done them, he might have been acquitted. *See, e.g., Gonzalez v. Knowles*, 515 F.3d 1006, 1015–16 (9th Cir. 2008) (no prejudice where movant alleges that counsel failed to investigate undiagnosed mental illness). Moreover, prejudice exists only where the movant does not "receive[] a fair trial" and the verdict resulting is not "worthy of confidence." *Downs v. Hoyt*, 232 F.3d 1031, 1038 (9th Cir. 2000); *accord Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993) ("[F]ocusing solely on mere outcome determination, without attention to whether the proceeding was fundamentally unfair or unreliable . . . may grant the defendant a windfall to which the law does not entitle him."). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.

Delval-Inzunza has not alleged any facts, in either his motion or his reply, suggesting that his counsel erred in defending him, much less supporting an inference that she committed errors so serious that she was not functioning as the 'counsel' guaranteed by the Sixth Amendment. The defendant is correct that he waived his right to appeal his conviction and sentence, that he did not receive a two-point reduction for being a minor participant, that he was not prosecuted pursuant to a "fast track program," and that his base offense level was determined to be 28, rather than 26. He has not alleged any facts, however, supporting an inference that any of these events constituted an error, much less an error to which his counsel should have objected. The record lacks evidence suggesting the defendant should have received a minor participant reduction. As Delval-Inzunza concedes, there was not a fast track program pursuant to which he could have been prosecuted. He does not identify why his believes his base offense level should have been 26. Rather, the facts admitted by the defendant in his plea agreement establish that the correct base offense level was 28. The record also establishes that defendant's waiver of his right to appeal was knowing and voluntary. Accordingly, the Court will deny the motion.

Certificate of Appealability

To appeal this order, Delval-Inzunza must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22–1(a). To obtain that certificate, he "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quotation omitted). This standard is "lenient." *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc).

The Court will deny the certificate of appealability for the same reasons its has denied Delval-Inzunza's claims. In light of the record, his failure to allege any relevant facts precludes reasonable jurists from even debating whether the petition should have been resolved in a different manner. Therefore, for good cause shown,

THE COURT **ORDERS** that defendant Oscar Delval-Inzunza's motion under 28 U.S.C. § 2255 (ECF No. 41) is DENIED.

THE COURT FURTHER ORDERS that defendant Oscar Delval-Inzunza's request for a certificate of appealability is DENIED.

THE COURT FURTHER ORDERS that the Clerk of Court is directed to enter a separate civil judgment denying defendant Oscar Delval-Inzunza's § 2255 motion. The Clerk also shall file this order and the civil judgment in this case and in the related civil case number 2:16-cv-0988-LDG.

DATED this 23 day of January, 2020.

_____
Lloyd D. George
United States District Judge

4